**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PENTAIR FLOW TECHNOLOGIES, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 22-2241-JAR-ADM |
| L.I. DEVELOPMENT KANSAS CITY, LLC, | ) ) ) |
| Defendant. | ) ) |

**NOTICE AND ORDER TO SHOW CAUSE**

To plaintiff:

Plaintiff's complaint purports to invoke diversity jurisdiction. (ECF 1, at 2.) Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332(a); s*ee also Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant."). The court has an independent obligation to satisfy itself that subject-matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). If the court determines that it lacks subject matter jurisdiction, it "must dismiss the cause at any stage of the proceedings." *Penteco Corp., Ltd. P'ship v. Union Gas Sys.*, 929 F.2d 1519, 1512 (10th Cir. 1991); *see also* FED. R. CIV. P. 12(h)(3) (same).

Plaintiff's complaint does not allege facts sufficient to invoke the court's diversity jurisdiction because it does not sufficiently allege complete diversity between plaintiff and defendant.

Plaintiff is a limited liability company ("LLC"), whose citizenship is determined by that of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir.

2015). Plaintiff alleges that its sole member is "a corporation organized under the laws of the state of Delaware with its principal place of business in Wisconsin." (ECF 1, at 1.) Because "a corporation is a citizen of its state of incorporation and the state where its principal place of business is located," *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015), plaintiff has alleged that it is a citizen of Delaware and Wisconsin.

However, plaintiff has not set forth facts sufficient to establish the citizenship of defendant, which is also an LLC. Plaintiff has not identified defendant's members, let alone alleged their citizenship. Rather, plaintiff simply states that, to the best of its knowledge, none of defendant's members are citizens of Delaware or Wisconsin. (ECF 1, at 2.) But a negative statement that a party is not a citizen of a particular state is usually insufficient because "this type of averment does not eliminate the possibility that the person might be a citizen of no state of the United States or other political entity." 13E Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 3611 (3d ed. Apr. 2021). To establish diversity of citizenship with respect to the defendant LLC, plaintiff must identify its members and their citizenship and trace the citizenship of any other members through however many layers may exist. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 127 (1st Cir. 2011) (rejecting an attempt to establish diversity in the negative and ordering an LLC to identify its members and their respective citizenship, including tracing layers of members); *CityPlace Retail, LLC v. Wells Fargo Bank N.A.*, --- Fed. App'x ---, 2021 WL 3486168, at *2 (11th Cir. July 15, 2021) (remanding with instructions that the district court identify each of the plaintiff LLC's members and the states where each member was a citizen at the time of removal, including tracing the citizenship of any other unincorporated entities that may be members); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company

is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well."); *Apodaca v. Sizzling Caesars, LLC*, No. 19-CV-03621-PAB, 2020 WL 773069, at *2 (D. Colo. Feb. 18, 2020) ("Here, defendants have not affirmatively alleged these entities' and individuals' citizenship, but rather argue in the negative and state that the members are not citizens of Colorado.  This is insufficient for defendants to meet their burden of establishing that jurisdiction is proper."); *Tubwell v. Specialized Loan Serv. LLC*, No. 3:17-CV-15-DMB-RP, 2017 WL 1450598, at *3 (N.D. Miss. Apr. 12, 2017) (allegation of an LLC's citizenship in the negative was insufficient and did not distinctly and affirmatively allege citizenship).

Because the face of the complaint does not allege facts that, if true, would establish complete diversity of citizenship, the court orders plaintiff to show cause in writing by **July 5, 2022**, why the court should not recommend that the district judge dismiss this case without prejudice for lack of subject-matter jurisdiction.  Any response to this show-cause order must provide sufficient factual allegations for the court to evaluate whether plaintiff has adequately pleaded diversity jurisdiction exists by specifying the citizenship of defendant and its members.

**IT IS SO ORDERED.**

Dated June 24, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
